IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 16-14959-AA

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE ADRIEN BROOKS,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Donna Lee Elm
Federal Defender

Conrad Kahn
Research and Writing Attorney
Appellate Division
Florida Bar Number 104456
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: (407) 648-6338
E-mail: Conrad_Kahn@fd.org
Counsel for Appellant

Appeal No. 16-14959-AA

*United States of America* **v.** *George Adrien Brooks*

**CERTIFICATE OF INTERESTED PERSONS**

The persons listed below are interested in the outcome of this case:

Baker, Honorable David A.

Bentley, III, A. Lee

Brooks, George Adrien

Cakmis, Rosemary

Cream, Anita M.

Elm, Donna Lee

Kahn, Conrad

Langs, Stephen J.

Mendoza, Honorable Carlos E.

Miranda, Ilianys Rivera

Rhodes, David P.

Scott, Alisha Marie

Sholl, Peter J.

Skuthan, James T.

Smith, Honorable Thomas B.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

    Appellee,

v.                                                            Appeal No. 16-14959-AA

GEORGE ADRIEN BROOKS,

    Appellant.
_____/

**MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Appellant George Adrien Brooks, through undersigned counsel, respectfully requests that this Honorable Court supplement the record on appeal with the government's Rule 16 discovery letter and the FBI consent form signed by Mr. Brooks upon his arrest, both of which are attached.  In support of this request, Mr. Brooks states:

1.    Mr. Brooks appeals his conviction, following a jury trial, for using the internet and a computer to knowingly attempting to persuade, induce, and entice a person he believed to be a minor, through an adult intermediary, to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).  Docs. 79, 118.

2.    In his Initial Brief, filed contemporaneously herewith, Mr. Brooks argues that the district court erred in finding no discovery violation and denying his motion for mistrial where the government did not disclose certain emails until trial.

This issue turns significantly upon the FBI consent form signed by Mr. Brooks and the government's discovery letter, both of which were discussed at trial but neither of which were actually made part of the current record.

3.  Early in the proceedings, the district court entered a scheduling order "deem[ing] each party to have requested disclosure to the full extent allowed by Fed. R. Crim. P. 16." Doc. 12 at 1. To comply with the district court's order and Rule 16(a), the government provided Mr. Brooks with a discovery letter disclosing a number of documents, including the FBI consent form signed by Mr. Brooks.

4.  The consent form listed the usernames and passwords for three of Mr. Brooks' e-mail accounts and stated "that the FBI will change the password(s) to the account so that [he] will no longer have access" to them.

5.  At trial, FBI Agent Rodney Hyre testified about e-mails from the accounts listed on the consent form, and Mr. Brooks moved for a mistrial, arguing the government violated Fed. R. Crim. P. 16(a)(1)(e)(iii) because the emails were not previously disclosed. Doc. 99 at 87–89, 94–104.

6.  After hearing argument about the FBI consent form and the government's discovery letter, the district court denied Mr. Brooks' motion for a mistrial, ruling that there was no Rule 16 violation because Mr. Brooks "knew the e-mail addresses." *Id.* at 103–04 ("[H]indsight is 20/20. But you knew the e-mail addresses.").

2

7. The discovery letter and consent form are an integral part of Mr. Brooks' argument and are necessary to understand and properly resolve this matter. Mr. Brooks therefore respectfully requests that this Court supplement the record with a copy of his FBI consent form and the government's discovery letter.

8. This Court has the discretion to supplement the record in the interests of justice. *See First Alabama Bank v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987). As this Court has stated:

> We rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice. We decide on a case-by-case basis whether an appellate record should be supplemented. Even when the added material will not conclusively resolve an issue on appeal, we may allow supplementation in the aid of making an informed decision.

*Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003) (citation omitted).

9. Here, the district court was aware of the consent form and discovery letter, which the government provided to defense counsel, although the documents were not made part of the record. These documents support Mr. Brooks' claim that the FBI affirmatively advised him that he could not access the e-mail accounts relating to the e-mails at issue, and that the consent form was the only documentation turned over in discovery regarding those e-mail accounts. The

3

requested supplementation will therefore "aid [in] making an informed decision." *Id.*

10. If the district court erred by denying Mr. Brooks' motion for a mistrial, he may be entitled to a new trial. Therefore, it is in the interests of justice to grant Mr. Brooks' request to supplement the record so this Court may fully consider whether the district court erred in denying Mr. Brooks' motion for mistrial.

11. This motion is made in good faith and not for delay.

12. Mr. Brooks remains incarcerated.

Accordingly, Appellant George Adrien Brooks respectfully requests that this Court grant the requested supplementation of the record on appeal with the attached documents.

>Respectfully submitted by,
>
>Donna Lee Elm
>Federal Defender
>
>***/s/ Conrad Kahn***
>Conrad Kahn
>Research & Writing Attorney
>Appellate Division
>Florida Bar Number 104456
>201 South Orange Avenue, Suite 300
>Orlando, Florida 32801
>Telephone: (407) 648-6338
>Facsimile: (407) 648-6095
>E-mail: Conrad_Kahn@fd.org
>Counsel for Appellant Brooks

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 741 words according to Microsoft Word's word count, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

>                         */s/ Conrad Kahn*
>                         Conrad Kahn
>                         Counsel for Appellant Brooks

### CERTIFICATE OF SERVICE

I certify that on December 9, 2016, the foregoing motion was electronically filed with the Clerk of Court for the Eleventh Circuit Court of Appeals via CM/ECF, which will electronically serve notice on Assistant United States Attorney Peter Sholl.

>                         */s/ Conrad Kahn*
>                         Conrad Kahn
>                         Counsel for Appellant Brooks

FD-1086
1-24-2012

**FEDERAL BUREAU OF INVESTIGATION**
**CONSENT TO ASSUME ONLINE IDENTITY AUTHORIZATION FORM**

I, GEORGE ADRIEN BROOKS, hereby voluntarily authorize SA KEVIN KAUFMAN OR FBI SA'S or other agents of the FBI to assume and use my (or my child's) "online identity". I give this consent freely and voluntarily, without fear, threats, coercion, or promises of any kind. I have been advised of my right to refuse to allow the FBI to assume my (or my child's) online identity, and I hereby voluntarily waive this right. This online identity includes the following screen name(s), aliases and/or nickname(s), and/or e-mail addresses, as well as the passwords associated with these accounts:

| ACCOUNT NAME | PASSWORD |
|---|---|
| rolmassage4men@aol.com | Fgab6117 |
| hrymacuc@aol.com | gab32714FL |
| GABWPFL@aol.com | dopy |

This authorization provides my consent to:
- Monitor incoming and/or outgoing communications
- Use and/or disclose accessed information
- Send/receive/communicate

I understand and acknowledge that by signing the consent form, I relinquish all present and future claims to the use of these accounts (or my child's). I understand that the FBI will change the password(s) to the account so that I will no longer have access.

Signature: *G. Adrien Brooks*
Name (printed): GEORGE ADRIEN BROOKS
Date: 9/10/2015

Witness: Kevin Kaufman
Name (printed): *Kaufman*
Official Title: SPECIAL AGENT
Date: 9/10/2015

Witness: Jonathan Bailey
Name (printed): *Bailey*
Official Title: TASK FORCE OFFICER
Date: 9/10/2015

0002



2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to: Orlando, FL

IRM

October 20, 2015

James T. Skuthan
First Assistant Federal Defender
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801

    Re: *United States v. George Brooks*
        Case No. 6:15-Cr-219-Orl-41TBS

Dear Counsel:

In connection with the above-captioned case and pursuant to Fed. R. Crim. P. 16(a), please be advised of the following:

1.    We have disclosed the following documents:

| Bates Beg | Bates End | Description |
|---|---|---|
| 0001 | 0001 | DAVID for George Brooks |
| 0002 | 0002 | Consent to assume online identity |
| 0003 | 0004 | FBI FD-302 report |
| 0005 | 0005 | Receipt for property seized |
| 0006 | 0007 | "Family play time," advertisements |
| 0008 | 0008 | Consent to search Brooks' Samsung Galaxy cell phone |
| 0009 | 0090 | G-mails between UC and Brooks |
| 0091 | 0095 | Curriculum vitae, FBI TFO Debra Healy |

2.    With respect to the substance of any oral statement which the government intends to offer in evidence at trial made by the defendant before or after arrest in

response to interrogation by any person then known to the defendant to be a government agent, please be advised that it has been disclosed to you.

3.  We have disclosed information regarding defendant's other acts involving BROOKS' admissions that he had sex with a 16-year-old boy and that he had engaged in e-mail conversations about having sex with a 12-year-old boy.  See Criminal Complaint, consensual audio recording, and FBI FD-302 report of interview (pages 3-4). Please be advised that we may seek to introduce evidence pursuant to the Federal Rules of Evidence, Section 404(b), with regard to, inter alia, any prior actions by the defendant.

4.  With regard to the below-listed items, they are available for you to inspect upon reasonable notice:

   a.  Physical evidence

5.  I have provided your office with copies of law enforcement records which are relevant to the above-noted case, including the Samsung Galaxy cell phone forensic report.  I will forward any additional records which come into my possession upon receipt.

6.  We intend to use FBI TFO Debra Healy as expert witnesses.

7.  The witness' opinions, bases and the reasons for those opinions and the witness' qualifications are:

   a. Pursuant to Fed. R. Evid. 702, the United States intends to call FBI TFO Debra Healy as an expert in forensic computer examination.  FBI TFO Healy is certified in the field of forensic computer examination.  A copy of her curriculum vitae listing her education, training and experience is enclosed.  TFO Healy examined the defendant's cell phone and is expected to testify concerning her general knowledge of electronic media devices and how they work, and the findings from her examination of defendant's cell phone.  See forensic report.

8.  The United States gives notice of its intent to introduce evidence of the defendant's sexual conduct involving his sexual encounter with a 16-year-old boy and his e-mail communications with a father of a 12-year-old boy about engaging the minor in illicit sexual conduct.  In particular, as described in the discovery provided in this case, the United States intends to introduce evidence relating to the defendant's sexual

conduct to prove the allegations charged in the Indictment under Fed. R. Evid. 401, 402, 414 and 404(b).

Rule 414 of the Federal Rules of Evidence permits the prosecution to introduce evidence of a prior sexual offense committed by a defendant charged with an offense of child molestation. Fed. R. Evid. 414(a). Rule 414 incorporates Congress' view that evidence of prior offenses of child molestation is "typically relevant and probative," and is an exception to the general rule that "propensity" evidence is not admissible. 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (noting "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible"). Pursuant to Rule 414, evidence of other crimes of child molestation "may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, evidence admitted under this rule may be considered by the jury for any relevant purpose including proof that the defendant had a sexual interest in children. *See United States v. Carino*, 368 Fed.Appx. 929-30 (11th Cir. 2010) (*per curiam*) (unpublished) ("[I]n prosecutions for possessing or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged."); *See United States v. Levinson*, 504 Fed.Appx. 824, 827-28 11th Cir. 2013) ("[E]vidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case." Evidence of defendant's other internet chat sessions and possession of child pornography was admissible at trial for using a computer to attempt to persuade a minor to engage in sexual activity and committing a felony offense involving a minor as a registered sex offender, since it was relevant to the issue of intent, was reliable, and was not substantially more prejudicial than probative).

Alternatively, the United States intends to offer this evidence under Fed. R. Evid. 404(b) as evidence of defendant's intent, knowledge, absence of mistake or accident, and motive to commit the offenses charged in the Indictment.

9.  We are aware of continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) and will make you aware of such materials as soon as practicable if such materials come to our attention.

10. Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

        a.     Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. Fed. R. Crim. P. 16(b)(1)(A).

        b.     Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony. Fed. R. Crim. P. 16(b)(1)(B).

        c.     A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. Fed. R. Crim. P. 16 (b)(1)(C).

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement. Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

If you have any questions concerning any of the foregoing, please do not hesitate to contact me.

                                               Sincerely,

                                               A. LEE BENTLEY, III
                                               United States Attorney

                                           By: *[signature]*
                                               Ilianys Rivera Miranda
                                               Assistant United States Attorney

# CURRICULUM VITAE
Debra D. Healy, CFCE, EnCE, ACE
Computer / Digital Forensics Examiner
Seminole County Sheriff's Office, Orlando, FL

---

**Office Information:**

Seminole County Sheriff's Office (SCSO)
100 Bush Blvd
Sanford, FL  32773
Office (407) 665-6906
dhealy@seminolesheriff.org
Initial Sworn Law Enforcement Date: 1992 - Present

**Computer Forensics / Digital Media Forensics Experience:**

2003-Present    **Seminole County Sheriff's Office, Florida**
**Digital Forensics Agent/Investigator**

**Responsible for complex forensics examinations of computers, digital media, tablets, handhelds, cellular phones and other miscellaneous media for the Seminole County Sheriff's Office and federal agencies to include the FBI, Secret Service (USSS), Homeland Security Investigations (DHS/HSI) and the Drug Enforcement Administration (DEA).**

- Instrumental in forming partnerships with other law enforcement agencies and private businesses concerning high-tech crimes/investigations. Maintain a close, professional relationship with members of the United States Attorney's Office.
- Assisted in the development, procurement, implementation and maintenance of the Seminole County Sheriff's Office digital forensic laboratory which consists of a client/server topology and forensic network.
- Familiar with a variety of hardware and software titles relating to computer forensic examinations.
- Responsible for the procurement, testing and validation of numerous forensic software and hardware programs and devices.

2009-Present    **Federal Bureau of Investigations (FBI):**

**Full-Time Task Force Agent (TFA), cross designated, and assigned to the Crimes against Children Task Force responsible for complex forensics examinations for the Orlando Resident Agent of the FBI Orlando Field Office.**

- Assists with the writing and execution of federal search warrants.
- Qualified as an expert witness in state and federal court (multiple jurisdictions)

## Education:

| | | |
|---|---|---|
| 2011 | **Columbia College, Orlando, FL** | |
| | Bachelor of Arts in Criminal Justice Administration | |
| 2009 | **Columbia College, Orlando, FL** | |
| | Associate of Arts in Criminal Justice | |
| 1992 | **Seminole Community College, Sanford, FL** | |
| | Basic Law Enforcement Academy | |

## Professional Computer Forensics Certifications:

2015  **Cellebrite Global Training**
      Certified Logical Operator (CCLO)
      Certified Physical Analyst (CCPA)

2013  **Comptia**
      A+ Certified Technician (A+)

2010  **AccessData**
      AccessData Certified Examiner [ACE] (FTK)

2009  **Guidance Software, Inc.**
      EnCase Certified Computer Forensics Examiner [EnCE]

2007  **International Association of Computer Investigative Specialists [IACIS]**
      Certified Forensics Computer Examiner [CFCE]
      Certified Electronic Evidence Collection Specialist [CEECS]

## Professional Training & Conferences:

2015  Teel Technologies                         Fredericksburg, VA
      Advanced JTAG Mobile Forensics – 40 hours

2015  National Computer Forensic Institute      Hoover, AL
      United States Secret Service
      Network Intrusion Response Program – 112 hours

2015  SANS Institute                            Orlando, FL
      Security Essentials Bootcamp Style – 60 hours

2015  Guidance Software                         Dulles, VA
      Examinations of the Macintosh OS - 32 hours

2015  Cellebrite Global Training                Merritt Island, FL
      Cellebrite Certified Logical Operator – 20 hours
      Cellebrite Certified Physical Analyst – 20 hours

| | | |
|---|---|---|
| 2014 | I.C.A.C.<br>26th Annual Crimes Against Children Conference | Dallas, TX |
| 2013 | C.E.I.C.<br>Computer and Enterprise Investigations Conference. | Orlando, FL |
| 2013 | FBI<br>Online Covert Employee Training and Certification. | Beltsville, MD |
| 2013 | SANS Institute<br>Introduction to Network Security - 40 hours. | Orlando, FL |
| 2012 | Comptia<br>A+ Certified Technician – 80 hours | Beltsville, MD |
| 2011 | C.E.I.C.<br>Computer and Enterprise Investigations Conference. | Orlando, FL |
| 2010 | South Florida I.C.A.C<br>Basic Peer to Peer Investigations – 28 hours. | Boca Raton, FL |
| 2009 | AccessData<br>Windows Forensic Registry – 21 hours. | New York, NY |
| 2009 | Access Data<br>Windows Forensics Vista – 21 hours. | Sterling, VA |
| 2009 | Forward Discovery<br>Macintosh Forensic Survival Course – 40 hours. | Sterling, VA |
| 2009 | Access Data<br>MAC Forensics – 21 hours. | Orlando, FL |
| 2009 | SiQuest<br>Advanced Internet Browser Forensics – 24 hours. | Orlando, FL |
| 2009 | C.E.I.C.<br>Computer and Enterprise Investigations Conference. | Orlando, FL |
| 2008 | Guidance Software<br>Advanced Internet Examinations - 32 hours. | Orlando, FL |
| 2007 | Guidance Software<br>EnCase Computer Forensics I – 32 hours. | Orlando, FL |
| 2007 | Core Digital Forensics<br>Data Lifter Advanced Data Recovery Training -16 hours. | Orlando, FL |
| 2007 | BK Forensics<br>Cell Phone Forensics 101 – 32 hours. | Orlando, FL |

| | | |
|---|---|---|
| 2007 | AccessData<br>Windows Forensics – 21 hours. | Orlando, FL |
| 2007 | AccessData<br>AccessData Boot Camp – 21 hours. | Orlando, FL |
| 2007 | Guidance Software<br>EnCase Computer Forensics II – 32 hours. | Orlando, FL |
| 2006 | National White Collar Crime Center<br>Basic Data Recovery and Acquisition – 36 hours. | Orlando, FL |
| 2006 | International Association of Computer Investigative Specialists<br>I.A.C.I.S.<br>• Forensic Computer Examiner Program – 80 hours.<br>• Certified Electronic Evidence Collection Specialist-certified. | Altamonte, FL |
| 2006 | National White Collar Crime Center<br>Financial Records Examination and Analysis-36 hours. | Gainesville, FL |
| 2005 | Seminole Community College<br>Internet Crimes Investigations-16 hours. | Sanford, FL |

## Other Training & Certifications: (Brief):

| | |
|---|---|
| 2013 | Federal Bureau of Investigations<br>Online Covert Employee Training and Certification |
| 2012 | Department of Homeland Security / Homeland Security Investigations, Orlando, FL<br>Title 19 Customs Cross Designation |
| 2009 | United States Department of Justice: Federal Bureau of Investigations, Orlando, FL<br>Cross Sworn / Task Force Agent |
| 2009 | Department of Homeland Security / US Secret Service, Orlando, FL<br>Cross Sworn / Task Force Agent |
| 2009 | United States Department of Justice: United States Marshals Service, Orlando, FL<br>Cross Sworn / Task Force Agent |
| 2005 | Metropolitan Police Institute, Miami, FL<br>Fraud Investigations-40 hours |
| 2005 | Office of the Attorney General, Altamonte Springs, FL<br>Florida Elder Crime Prevention Practitioner-88 hours |
| 2005 | Metropolitan Police Institute, Miami, FL<br>Investigating Economic Crimes-40 hours |

**Federal Cases Qualified as Expert in the Field of Computer/Digital Forensics   (Brief):**

| Year | Case | District |
|---|---|---|
| 2015 | United States v. Dennis Wilkerson | Middle District of Florida |
| 2015 | United States v. Cruz | Middle District of Florida |
| 2014 | United States v. Robert Scott Starcher | Middle District of Florida |
| 2014 | United States v. William A. White | Middle District of Florida |
| 2014 | United States v. Xavier Villanueva | Middle District of Florida |
| 2014 | United States v. Ashley Barnett | Middle District of Florida |
| 2014 | United States v. Jose Carmona | Middle District of Florida |
| 2014 | United States v. Jonathan Adleta | Middle District of Florida |
| 2013 | Unites States v. William A. White | Western District of Virginia |
| 2013 | United States v. Raymond Lugo | Middle District of Florida |
| 2013 | United States v. Louis Ruggerio | Middle District of Florida |