IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 16-14959-AA

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE ADRIEN BROOKS,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

REPLY TO UNITED STATES' OPPOSITION TO
MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Donna Lee Elm
Federal Defender

Conrad Kahn
Research and Writing Attorney
Appellate Division
Florida Bar Number 104456
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: (407) 648-6338
E-mail: Conrad_Kahn@fd.org
Counsel for Appellant

**Appeal No. 16-14959-AA**

*United States of America* **v.** *George Adrien Brooks*

**CERTIFICATE OF INTERESTED PERSONS**

The Certificates of Interested Persons in Appellant's motion to supplement the record on appeal and Appellee's response in opposition are complete.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

    Appellee,

v.                                              APPEAL NO. 16-14959-AA

GEORGE ADRIEN BROOKS,

    Appellant.

_____/

REPLY TO UNITED STATES' OPPOSITION TO
MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Appellant George Adrien Brooks, through undersigned counsel, respectfully replies to the United States' opposition to his motion to supplement the record on appeal as follows.

Mr. Brooks has moved this Court to exercise its inherent equitable authority to supplement the record on appeal with the government's Rule 16 discovery letter and the FBI consent form signed by Mr. Brooks upon his arrest as both are an integral part of Mr. Brooks' argument and are necessary to understand and properly resolve this matter. The parties agree that this Court has the inherent equitable authority to supplement the record "even when the added material will not conclusively resolve an issue on appeal" if supplementation will "aid [in] making an informed decision." Brooks' motion at 3 (citing *Schwartz v. Million Air,*

1

*Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003)); Government's opposition at 7 (citing *Schwartz*, 341 F.3d at 1225 n.4). The government nevertheless argues that this Court should deny Mr. Brooks' motion because neither document would "shed [any] light on the mistrial issue." Additionally, the government argues, because the issue is reviewed for an abuse of discretion, this Court should review only the record that was before the district court. Government's opposition at 7–8.[1] The government is mistaken.

With respect to the consent form, Mr. Brooks' argument is premised upon the representations made in that form. The government essentially argues that having the form would not "aid" this Court in making an informed decision because the form was discussed during the trial. True enough, the form was discussed during the trial. However, discussing the form is not a substitute for seeing and reviewing the actual form signed by Mr. Brooks. Indeed, Mr. Brooks' argument centers upon his reliance on the representations made in the form. Surely, seeing and reviewing the form itself will aid this Court in making an informed decision.

Regarding the discovery letter, as the government acknowledges, the

---

[1] The government also argues that Fed. R. App. P. 10(e)(2) "does not authorize this Court to add those documents to the record." However, Mr. Brooks has not sought to supplement the record under that Rule.

argument on the mistrial motion involved a discussion about the discovery process. Government's opposition at 8. Although aspects of the discovery process were discussed, Mr. Brooks mistakenly represented that the letter was addressed at trial. Brooks' motion at 2–3. A closer examination of the transcript reveals that the government is correct insofar as the discovery letter itself was not discussed. Government's opposition at 7. Nonetheless, Mr. Brooks maintains that the record should be supplemented with the discovery letter.

    The issue here turns on what was and was not disclosed to Mr. Brooks by the government under Rule 16(a), which is not fully discussed in the trial transcript.[2] Doc. 99 at 94–104. And the discovery letter shows everything the government disclosed to Mr. Brooks "pursuant to Rule 16(a)," including the consent form, the forensic report, and the e-mails between Agent Hyre and Mr. Brooks. Reviewing exactly what was disclosed would provide this Court with a better understanding of whether the government made the e-mails in dispute available for copying and inspection, and would therefore substantially aid the resolution of this issue. *See Young v. DeVaney ex rel. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995). Accordingly, the interests of justice and judicial economy support Mr. Brooks' request to supplement the record with the discovery

---

[2] Mr. Brooks was deemed to have requested disclosure "to the full extent allowed by Fed. R. Crim. P. 16." Doc. 12 at 1.

letter outlining what was disclosed. *Id.*

Last, the parties agree that the district court's denial of Mr. Brooks' motion for mistrial is reviewed for abuse of discretion. However, they differ on how that should affect the Court's ruling on this motion. The government argues that this Court should only review the actual record before the district court to determine whether the district court abused its discretion. The government is essentially arguing that anytime an issue is subject to review for abuse of discretion, this Court should not supplement the record. That, of course, is not the law in this Circuit. Moreover, the government's argument puts form over substance. Although these records were not formally submitted into the record, the exercise of the district court's discretion was guided by the discussion of the consent form and the discovery process. Thus, supplementing the record with the documents which guided the exercise of that discretion will aid this Court in evaluating whether the district court abused its discretion.

4

Accordingly, Appellant George Adrien Brooks respectfully requests that this Court grant the requested supplementation of the record on appeal.

        Respectfully submitted by,

        Donna Lee Elm
        Federal Defender

        ***/s/ Conrad Kahn***
        Conrad Kahn
        Research & Writing Attorney
        Appellate Division
        Florida Bar Number 104456
        201 South Orange Avenue, Suite 300
        Orlando, Florida 32801
        Telephone: (407) 648-6338
        Facsimile: (407) 648-6095
        E-mail: Conrad_Kahn@fd.org
        Counsel for Appellant Brooks

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 792 words according to Microsoft Word's word count, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

>   */s/ Conrad Kahn*
>   Conrad Kahn
>   Counsel for Appellant Brooks

### CERTIFICATE OF SERVICE

I certify that on December 20, 2016, the foregoing motion was electronically filed with the Clerk of Court for the Eleventh Circuit Court of Appeals via CM/ECF, which will electronically serve notice on Assistant United States Attorney Peter Sholl.

>   */s/ Conrad Kahn*
>   Conrad Kahn
>   Counsel for Appellant Brooks