

# FEDERAL DEFENDER
## Middle District of Florida

**Donna Lee Elm**
*Federal Defender*

**James T. Skuthan**
*First Assistant*

**Rosemary Cakmis**
*Senior Litigator*

**Tampa Division**
Park Tower – Suite 2700
400 North Tampa Street
Tampa, Florida 33602
Telephone: 813- 228-2715
Facsimile: 813- 228-2562
**Del Vitier**
*Branch Chief Attorney*
**Adam Allen**
*Trial Attorney Supervisor*

**Orlando Division**
Seaside Plaza – Suite 300
201 South Orange Avenue
Orlando, Florida 32801
Telephone: 407- 648-6338
Facsimile: 407- 648-6095
**Larry Henderson**
*Branch Chief Attorney*

**Jacksonville Division**
BB&T Tower – Suite 1240
200 West Forsyth Street
Jacksonville, Florida 32202
Telephone: 904- 232-3039
Facsimile: 904- 232-1937
**Lisa Call**
*Branch Chief Attorney*

**Ft. Myers Division**
Kress Building – Suite 301
1514 Broadway Street
Ft. Myers Florida 33901
Telephone: 239- 334-0397
Facsimile: 239- 334-4109
**Martin DerOvanesian**
*Branch Chief Attorney*

**Ocala Division**
Suite 102
201 S.W. Second Street
Ocala, Florida 34471
Telephone: 352- 351-9157
Facsimile: 352- 351-9162
**Adam Allen**
*Branch Chief Attorney*

October 5, 2017

Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

RE:   *United States v. George Brooks*, Appeal No. 16-14959
      **Argument Scheduled in Atlanta on November 16, 2017**
      · *United States v. Grafton*, ___ F. App'x ___, 2017
      WL 4231555 (11th Cir. Sept. 25, 2017).

Dear Mr. Smith:

*Grafton* supports Mr. Brooks' argument that the district court erred by denying his requested instruction on the definition of "induce" under 28 U.S.C. § 2422(b). Initial Brief at 29–34; Reply Brief at 2–5.

In *Grafton*, the district court instructed the jury that "induce" under § 2422(b) means "to stimulate the occurrence of or to cause *the minor's assent*." 2017 WL 4231555 at *1 (emphasis added). Mr. Grafton appealed, arguing that definition was legally incorrect. *Id.* Rejecting Mr. Grafton's challenge, this Court concluded that "[t]he District Court applied *Murrell*, as it was bound to do, in defining 'induce' as 'to stimulate the occurrence of or to cause *the minor's assent*.'" *Id.* (relying on *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004)).

Mr. Brooks' requested instruction was effectively the same as the one approved in *Grafton*. *See* Initial Brief at 29–31 (stating Mr. Brooks requested "the definition be 'to stimulate the occurrence of or to cause *the assent of a minor to engage*

*in unlawful sexual activity*."). Thus, the instruction requested by Mr. Brooks was legally correct.

By declining Mr. Brooks' requested instruction, and defining "induce" as "to stimulate the occurrence of or to cause," without any reference to a minor's assent, the district court "created the possibility that Brooks was convicted for attempting to engage in sexual activity with a minor—a crime he was never charged with." *Id.* As explained in the Initial Brief, other circuits have confused the distinction between intending to cause a minor's assent and intending to engage in sexual activity. *Id.* Therefore, it is eminently reasonable to believe the jury may have confused that distinction here, especially given the prosecutor's comments during closing argument. *Id.*

In short, Mr. Brooks' requested instruction was correct as a matter of law, and the one given to the jury was misleading, confusing, and allowed the jury to convict Mr. Brooks of a crime for which he was never charged. Because the government cannot meet its heavy burden of showing the error was harmless beyond a reasonable doubt, this Court should vacate Mr. Brooks' conviction.

                              Sincerely,

                              */s/ Conrad Kahn*                .
                              Conrad Kahn
                              Research and Writing Attorney

## CERTIFICATE OF SERVICE

     I certify that on October 5, 2017, the foregoing was filed using the Court's Electronic Case Filing system, which will send notification to Assistant United States Attorney Holly L. Gershow.

                              */s/ Conrad Kahn*                .
                              Conrad Kahn
                              Research and Writing Attorney

2017 WL 4231555
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S. Ct. of App. 11th Cir. Rule 36-2.
United States Court of Appeals,
Eleventh Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Robert M. GRAFTON, Jr., Defendant-Appellant.

No. 16-17326
|
Non-Argument Calendar
|
(September 25, 2017)

Appeal from the United States District Court for the Northern District of Florida, D.C. Docket No. 3:15-cr-00035-MCR-1

**Attorneys and Law Firms**

David Lance Goldberg, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Christopher P. Canova, Jordane E. Learn, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff-Appellee

Thomas S. Keith, Federal Public Defender's Office, Pensacola, FL, Richard Michael Summa, Randolph Patterson Murrell, Federal Public Defender's Office, Tallahassee, FL, for Defendant-Appellant

Before TJOFLAT, HULL and WILSON, Circuit Judges.

**Opinion**

PER CURIAM:

*1 On June 16, 2015, a Northern District of Florida grand jury returned a two-count indictment charging Robert Grafton, Jr. in Count One with using a facility in interstate commerce to persuade, induce, entice and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b), and in Count Two with possessing child pornography that involved a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B). Grafton pled guilty to Count Two. He pled not guilty to Count One and stood trial before a jury. He was convicted. He now appeals his Count One conviction, arguing that the District Court, in charging the jury, erred in defining the term "induce" in § 2422(b) as "to stimulate the occurrence of or to cause the minor's assent." We affirm.

We review the legal correctness of jury instructions *de novo* and the trial court's phrasing of its instructions for abuse of discretion. *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016). Our task is "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party." *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quotation omitted). "When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." *Id.* (quotation omitted).

Section 2422(b) imposes criminal penalties on whoever uses interstate commerce and "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years[ ] to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b). A conviction for attempt under § 2422(b) requires that the defendant (1) intended to cause assent on the part of the minor, and (2) took actions that constituted a substantial step toward causing assent. *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011) (quoting *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010)).

Section 2422(b) "criminalizes an intentional attempt to achieve a *mental* state—a minor's assent." *Lee*, 603 F.3d at 914 (quotation omitted). On the issue of intent, the Government must prove that the accused "intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity." *Id.* (quotation omitted). We have previously held that the term "induce" in § 2422 means "to stimulate the occurrence of; cause," and rejected an alternative definition that rendered it essentially synonymous with the word "persuade." *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004) (alteration omitted) (quotation omitted).

A panel of this Court must apply its precedent unless this Court sitting *en banc* or the Supreme Court overturns the precedent. *United States v. Vega-Castillo,* 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)). The District Court applied *Murrell,* as it was bound to do, in defining "induce" as "to stimulate the occurrence of or to cause the minor's assent." *Murrell* forecloses Grafton's argument.

**\*2  AFFIRMED.** [1]

**All Citations**

--- Fed.Appx. ----, 2017 WL 4231555 (Mem)

Footnotes

1   Grafton petitioned this Court to hear his appeal in the first instance. His petition is denied without prejudice to his right to petition the Court for rehearing *en banc.*

**End of Document**                                © 2017 Thomson Reuters. No claim to original U.S. Government Works.