2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

300 N. Hogan Street, Room 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)



**U.S. Department of Justice**

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**United States Attorney
Middle District of Florida**

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

*Main Office*
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

*Reply to: Tampa*

October 12, 2017

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

    **Re:** *United States v. George Brooks,* **No. 16-14959**
          **Response to Brooks's Fed. R. App. P. 28(j) Supplemental Authority Letter, Dated October 5, 2017**

Dear Mr. Smith:

    *U.S. v. Grafton* actually supports the United States' position. Like Brooks, Grafton claimed that he had "merely accepted an offer" to have sex with a minor but had not sought to transform or overcome the minor's will; he argued that, because the jury instructions defined "induce" as "to cause," the jury could have convicted him of attempting to cause a child to engage in sexual activity, which he posited does not violate section 2422. Grafton's Brief, 2017 WL 660992, *12–14. This Court rejected that argument based on *U.S. v. Murrell*, 368 F.3d 1283, 1287–88 (11th Cir. 2004), this Court's binding precedent that defines "induce" as "to stimulate the occurrence of; cause." *Grafton*, 2017 WL 423155, *1 (11th Cir. Sept. 25, 2017); *see also U.S. v. Rutgerson*, 822 F.3d 1223, 1233–1237 (11th Cir. 2016) (accepting jury instructions' definition of "induce" as "to stimulate the occurrence of or to cause" and rejecting argument that minor willing to engage in sexual activity cannot be induced within meaning of section 2422(b)).

    Here, the jury instructions defined "induce" the same as *Murrell* did. Although Brooks's requested jury instruction was not wrong, the court did not abuse its discretion in declining to give it because the given instruction properly defined the law and was not confusing. When Brooks—acting through an

David J. Smith
Page 2
October 12, 2017

adult intermediary—attempted to arrange sexual relations with a minor, he attempted to induce that minor, in violation of section 2422(b). *See Murrell*, 822 F.3d at 1287–88 (by negotiating with purported father of minor, defendant had attempted to induce minor to engage in sexual activity with him); *see also U.S. v. Caudill*, 709 F.3d 444, 446 (5th Cir. 2013) (rejecting argument that defendant hadn't attempted to persuade or induce minors because, as far as defendant knew, minors already had assented to conduct; although defendant hadn't attempted to communicate with minors directly or indirectly, he had anticipated that minors' guardian would lead them to submit to sexual activity); *U.S. v. Nestor*, 574 F.3d 159, 161–62 (3d Cir. 2009) (defendant's ads and communications with putative father were substantial step toward inducing minor).

                                                             Very truly yours,

                                                             W. STEPHEN MULDROW
                                                             Acting United States Attorney

                                                             DAVID P. RHODES
                                                             Assistant United States Attorney
                                                             Appellate Division

By:   *s/ Holly L. Gershow*
        HOLLY L. GERSHOW
        Assistant United States Attorney
        Appellate Division

## Certificate of Service

I certify that a copy of this letter and the notice of electronic filing was sent by CM/ECF on October 12, 2017, to:

CONRAD B. KAHN
Federal Public Defender's Office

*Counsel for George Brooks*

                                            *s/ Holly L. Gershow*
                                            HOLLY L. GERSHOW
                                            Assistant United States Attorney