

# FEDERAL DEFENDER
## Middle District of Florida

**Donna Lee Elm**
*Federal Defender*

**James T. Skuthan**
*First Assistant*

**Rosemary Cakmis**
*Senior Litigator*

**Tampa Division**
Park Tower – Suite 2700
400 North Tampa Street
Tampa, Florida 33602
Telephone: 813- 228-2715
Facsimile: 813- 228-2562
**Del Vitier**
*Branch Chief Attorney*
**Adam Allen**
*Trial Attorney Supervisor*

**Orlando Division**
Seaside Plaza – Suite 300
201 South Orange Avenue
Orlando, Florida 32801
Telephone: 407- 648-6338
Facsimile: 407- 648-6095
**Larry Henderson**
*Branch Chief Attorney*

**Jacksonville Division**
BB&T Tower – Suite 1240
200 West Forsyth Street
Jacksonville, Florida 32202
Telephone: 904- 232-3039
Facsimile: 904- 232-1937
**Lisa Call**
*Branch Chief Attorney*

**Ft. Myers Division**
Kress Building – Suite 301
1514 Broadway Street
Ft. Myers Florida 33901
Telephone: 239- 334-0397
Facsimile: 239- 334-4109
**Martin DerOvanesian**
*Branch Chief Attorney*

**Ocala Division**
Suite 102
201 S.W. Second Street
Ocala, Florida 34471
Telephone: 352- 351-9157
Facsimile: 352- 351-9162
**Adam Allen**
*Branch Chief Attorney*

November 5, 2017

Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

RE: *United States v. George Brooks*, Appeal No. 16-14959
**Argument Scheduled in Atlanta on November 16, 2017
Response to the Government's Nov. 3, 2017 28(j) Letter
Regarding:**
·      *United States v. Sammour*, 816 F.3d 1328 (11th Cir. 2016).

Dear Mr. Smith:

*Sammour* actually supports Mr. Brooks. The broad issue in *Sammour* was whether a constructive amendment occurs when an indictment expressly enumerates the means by which an element is satisfied and the jury instructions then include additional means of satisfying that element. Because this Court's law on that issue is unsettled, and other circuits have held such an addition is not a constructive amendment, Mr. Sammour could not overcome plain-error review. 816 F.3d at 1337–38.

Notably, *Sammour* recognized this Circuit's precedent suggests such an addition would constitute a constructive amendment, stating:

> In *United States v. Narog,* we held that a jury instruction for possession of a controlled substance constructively amended the indictment when it changed "methamphetamine" to "some controlled

>substance." . . . In *United States v. Baldwin,* we suggested that, under *Narog,* a constructive amendment would "potentially" occur if a jury instruction for aggravated identity theft "allow[ed] a conviction based on the use of a different means of identification" from the one listed in the indictment.

*Id.* (citations omitted).

Thus, this Court's precedent suggests a constructive amendment occurred here. By limiting the interstate commerce element to "the Internet and a computer," the grand jury made "the Internet and a computer" an essential part of the interstate commerce element. *United States v. Weissman*, 899 F.2d 1111, 1115 (11th Cir. 1990); *United States v. Keller*, 916 F.3d 628, 632–36 (11th Cir. 1990); *United States v. Leichtnam*, 948 F.2d 370, 377–78 (7th Cir. 1991). The jury instruction's inclusion of an additional means of interstate commerce—"a cell phone"—modified that element, allowing Mr. Brooks to be convicted on a charge never presented to the grand jury and based solely on his telephone conversation with Agent Hyre.

Under the Fifth Amendment, once the grand jury frames a charge, neither the prosecutor nor court can change it to suit their beliefs about what should have been charged. As the *Leichtnam* Court commented, none of this would have been a problem "[i]f the AUSA had drafted a broader, less specific indictment . . . ." 948 F.2d at 380.

        Sincerely,

        */s/ Conrad Kahn*
        Conrad Kahn
        Research and Writing Attorney

## CERTIFICATE OF SERVICE

I certify that on November 5, 2017, the foregoing was filed using the Court's Electronic Case Filing system, which will send notification to Assistant United States Attorney Holly L. Gershow.

*/s/ Conrad Kahn*
Conrad Kahn
Research and Writing Attorney