# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## APPEAL NO. 16-14959

**UNITED STATES OF AMERICA,**

*Appellee,*

v.

**GEORGE ADRIEN BROOKS,**

*Appellant.*

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

## APPELLANT'S MOTION TO HOLD APPEAL IN ABEYANCE FOR 90 DAYS FOLLOWING ORAL ARGUMENT

**Donna Lee Elm**
**Federal Defender**

**Conrad Kahn**
**Appellate Counsel**
**Florida Bar Number 104456**
**201 S. Orange Ave., Suite 300**
**Orlando, Florida 32801**
**Telephone: (407) 648-6338**
**E-mail: Conrad_Kahn@fd.org**

**Appeal No. 16-14959**
*United States* v. *George Brooks*

**CERTIFICATE OF INTERESTED PERSONS**

The persons listed below are interested in the outcome of this case:

Baker, Honorable David A.

Bentley, III, A. Lee

Brooks, George Adrien

Cakmis, Rosemary

Cream, Anita M.

Elm, Donna Lee

Gershow, Holly

Kahn, Conrad

Langs, Stephen J.

Mendoza, Honorable Carlos E.

Miranda, Ilianys Rivera

Rhodes, David P.

Scott, Alisha Marie

Sholl, Peter J.

Skuthan, James T.

Smith, Honorable Thomas B.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

    *Appellee,*

v.                                                                                          Appeal No. 16-14959

GEORGE ADRIEN BROOKS,

    *Appellant.*
_____/

APPELLANT'S MOTION TO HOLD APPEAL IN ABEYANCE
FOR 90 DAYS FOLLOWING ORAL ARGUMENT

Appellant George Adrien Brooks, through undersigned counsel, desires to proceed with the oral argument set for November 16, 2017, but respectfully moves this Honorable Court to stay the issuance of any decision for 90 days to allow undersigned counsel time to investigate and file any appropriate motions concerning recently discovered misconduct by the case agent in this case, FBI Special Agent Rodney Hyre. In support of this motion, Mr. Brooks states the following:

### Facts

Mr. Brooks was convicted last year on one count of attempted persuasion, inducement, and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Docs. 9, 79, 118. The charge

1

arose out of emails and phone calls between Mr. Brooks and Agent Hyre, who was pretending to be the father of a 13-year-old daughter and a 10-year-old son.

On Friday, November 3, 2017, an attorney in undersigned counsel's office received a discovery letter from the United States Attorney's Office in a case pending trial that involves Agent Hyre.  Undersigned counsel learned of the letter on Tuesday, November 7, 2017.

The letter disclosed that the FBI disciplined Agent Hyre in August 2013. According to the letter, "The FBI found that SA Hyre violated FBI policy by using a home computer to conduct undercover child sexual exploitation investigations." In fact, the letter continued, "SA Hyre's actions caused him to be the subject of a child pornography investigation by another federal agency," specifically Homeland Security (HSI). The letter further stated, "Because of SA Hyre's use of a personal computer from home during an undercover operation, HSI, not knowing that SA Hyre was acting in an undercover capacity, investigated SA Hyre's online identity and eventually identified SA Hyre. Once HSI identified SA Hyre as the user who was communicating with an HSI target, the information was provided to the FBI for further action."

In the disciplinary proceedings, the FBI enhanced Agent Hyre's punishment to a seven-day suspension from duty without pay based on the aggravating circumstances of his misconduct. The letter explained, "the fact finder found that aggravation was appropriate" due to Agent Hyre becoming the subject of an investigation by HSI, "engaging in similar behavior on several other occasions," and potentially compromising his undercover identity, IP address, and investigation.

Through counsel, Agent Hyre "contested the finding that [his] conduct violated FBI policy." But according to the letter, "the FBI upheld the imposition of the sanction."

The letter asserted that the information was "recently disclosed," but did not indicate when, how, or from whom the USAO learned of Agent Hyre's misconduct. Nor is any explanation offered as to why this information about Agent Hyre's misconduct and resulting discipline is only now—well after Mr. Brooks' trial—coming to light.

## Argument

On its face, the newly disclosed information about Agent Hyre's misconduct and discipline provides significant impeachment evidence that could lead to a new trial. Further investigation, however, is needed because significant questions remain, especially about the timing and reason for the recent disclosure. There is simply no way to know the magnitude or impact of this newly discovered evidence without further investigation. Such investigation cannot be completed before the scheduled oral argument.

Mr. Brooks thus respectfully requests that the Court hear oral argument as scheduled, but stay the issuance of any decision for a period of 90 days thereafter. It is anticipated that investigation of the newly discovered evidence can be completed, and that any appropriate motions—e.g., motions based on *Brady v. Maryland*, 373 U.S. 83 (1963), and Fed. R. Crim. P. 33(b)(1)—can be filed within that time.

The government will suffer no prejudice from the granting of this motion as Mr. Brooks will remain incarcerated. And granting this motion serves the interests of judicial economy because the newly disclosed

information could result in a new trial, which would obviate the need for a decision in this appeal.

Appellate counsel for the government was contacted and advised that the government opposes this motion.

## Conclusion

Wherefore, Mr. Brooks respectfully requests that the Court hold this appeal in abeyance for 90 days following oral argument.

                                Respectfully submitted,

                                Donna Lee Elm
                                Federal Defender

                                */s/ Conrad Kahn*
                                Conrad Kahn
                                Research and Writing Attorney
                                Appellate Counsel for Appellant
                                Florida Bar No. 104456
                                201 South Orange Avenue, Suite 301
                                Orlando, Florida 32801
                                Telephone: (407) 648-6338
                                E-mail: Conrad_Kahn@fd.org

### CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, according to Microsoft Word's word count, the motion contains 694 words, excluding the parts exempted by Fed. R. App. P. 32(f).

### CERTIFICATE OF SERVICE

I certify that on November 9, 2017, a copy of the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will automatically send of this electronic filing to AUSA Holly Gershow.

>                   */s/ Conrad Kahn*
>                   Conrad Kahn
>                   Counsel for Appellant Brooks